IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL FRANCIS DALY,
       Petitioner,

vs.                            Case No.:  3:15cv189/MCR/EMT

JULIE JONES,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 20).  Respondent filed a motion to dismiss, seeking dismissal of Ground One as unexhausted, without prejudice to Petitioner's filing a second amended § 2254 petition upon his exhausting the claim in state court (ECF No. 24).  Respondent seeks dismissal of Grounds Two and Three with prejudice as procedurally defaulted (*id.*).  The court directed Petitioner to file a response to the motion to dismiss (ECF No. 25).  Petitioner did not file a response; however, he submitted a copy of a pending state post-conviction motion, in which he presents the allegedly unexhausted claim presented as Ground One in his amended § 2254 petition (*see* ECF No. 28).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).
After careful consideration of all issues raised by the parties, it is the opinion of the
undersigned that instead of dismissing the amended habeas petition, staying this case
and holding the amended petition in abeyance until Petitioner's efforts to exhaust
Ground One are completed, is appropriate.

I.     BACKGROUND AND PROCEDURAL HISTORY

On August 13, 2009, Petitioner was charged in the Circuit Court of Escambia
County, Florida, Case No. 2009-CF-3760, with second degree murder with a firearm
(Ex. A at 5).  In January of 2010, he was adjudicated incompetent to proceed and
committed to the custody of the Florida Department of Children and Families (*id.* at
35–39).  Upon a hearing on June 30, 2011, Petitioner was determined competent to
proceed (Ex. B at 141–48).  Following a jury trial in October of 2012, Petitioner was
found guilty as charged, with findings that he carried and discharged a firearm to
cause the victim's death (Ex. D at 557, Exs. G, H, I, J).  On January 9, 2013, Petitioner
was sentenced to thirty (30) years in prison with a 25-year mandatory minimum, with
pre-sentence custody credit of three (3) years and 158 days (Ex. D at 559–66, Ex. F
at 836–72).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-414 (Exs. L, M).  The First DCA affirmed the judgment per curiam without written opinion on February 7, 2014, with the mandate issuing April 28, 2014 (Ex. N).  Daly v. State, 135 So. 3d 292 (Fla. 1st DCA 2014) (Table).  Petitioner did not seek further review.  His conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1), on May 9, 2014.

Petitioner commenced this federal habeas action by filing a § 2254 petition on April 23, 2015 (ECF No. 1).  He presented the following four grounds for relief:

> Ground One:  Petitioner was deprived of the effective assistance of counsel when counsel failed to request a jury instruction on the justifiable use of deadly force.
>
> Ground Two:  Trial court violated Petitioner's state and federal constitutional due process rights by granting the State's motion in limine and precluding evidence of an involuntary intoxication defense.
>
> Ground Three:  Trial court violated Petitioner's state and federal constitutional due process rights by denying Defendant's motion for continuance.
>
> Ground Four:  Ineffective assistance of trial counsel for failing to file a motion to dismiss on justifiable use of force and immunity from prosecution under Florida's "Stand Your Ground" law, and for failing to present a justifiable use of force defense.

(see ECF No. 1 at 5–19) (restated).  In his § 2254 petition, Petitioner asserted that he exhausted Grounds One through Three by presenting them on direct appeal of his

conviction (*id.* at 5–9).  Petitioner stated that he did <u>not</u> exhaust Ground Four, and explained, "I have yet to file such 3.850 motion on ineffective assistance of counsel" (*id.* at 11).

Contemporaneously with his habeas petition, Petitioner filed a Motion to Stay and Hold in Abeyance" (ECF No. 4).  In his motion, Petitioner stated "there are several valid grounds of ineffective assistance of counsel that have not been fully exhausted" (*id.*).  He stated he had viable defenses of insanity and justifiable use of force, and that defense counsel neither presented these defenses nor requested jury instructions on the defenses (*id.*).  Petitioner stated he is proceeding pro se, that the record in this case is large, and that the issues are complex (*id.*).  He requested that this court hold his habeas petition in abeyance until he exhausted state court remedies (*id.*).

Respondent opposed the motion to stay (*see* ECF No 14).  Respondent asserted that the state appellate court affirmed Petitioner's conviction and sentence on February 7, 2014, and the mandate issued April 28, 2014 (*see id.*, Exs. B, C). Respondent stated that the trial court's docket revealed that as of June 15, 2015, Petitioner had not filed a Rule 3.850 motion (*see id.*, Ex. A).  Further, Petitioner had not alleged good cause for his failure to exhaust, which is a requirement for issuance of a stay (*id.*).

Respondent additionally contended Petitioner had not stated his unexhausted claims with sufficient specificity to enable Respondent or the court to determine whether the unexhausted claims had potential merit, which is another requirement for issuance of a stay (*id.*).

The undersigned concluded that Petitioner's assertions (that he was proceeding pro se, the record was large, and the issues were complex) failed to show good cause for his failure to even attempt to exhaust any unexhausted claims in state court during the twelve-month period between the state appellate court's issuance of the mandate in Petitioner's direct appeal and Petitioner's filing his § 2254 petition.  Therefore, Petitioner failed to satisfy the circumstances for utilizing the "stay and abeyance" procedure set forth in Rhines v. Weber, 544 U.S. 269, 275–78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (*see* ECF No. 15).  The court provided Petitioner an opportunity to amend his petition to delete any unexhausted claims, advising him that if he elected to forgo unexhausted issues, he may be barred from bringing those claims at a later date (*id.*).  The court advised Petitioner that if he declined to amend his petition, the court may dismiss the entire petition without prejudice to his re-filing it (in compliance with the statutory time limits) upon complete exhaustion (*id.*).

On August 24, 2015, Petitioner filed the instant amended petition, deleting the claim which he had previously identified as unexhausted (Ground Four of his initial petition) (ECF No. 20).  In his amended petition, Petitioner asserted that he exhausted the three claims asserted therein by raising them on direct appeal of his conviction (*id.* at 5–8).

Respondent filed the instant motion to dismiss on January 13, 2016, arguing that the amended habeas petition still includes both exhausted and unexhausted claims (ECF No. 24).  With respect to Ground One, in which Petitioner claims he received ineffective assistance of trial counsel ("IATC") based upon counsel's failure to request a jury instruction on justifiable use of deadly force (*see* ECF No. 20 at 5, 15–18), Respondent contends this claim is unexhausted because it is different from the "facial ineffectiveness claim" asserted by Petitioner on direct appeal of his conviction (ECF No. 24 at 3–5).  Respondent argues:

> In contrast [to the facial ineffectiveness claim raised by Petitioner on direct appeal], Daly's first habeas ground argues he was deprived of effective counsel because counsel did not ask for a jury instruction on self-defense.  At no time does he urge counsel's strategic decision was so egregiously incompetent that it amounted to ineffective counsel on the face of the direct appeal record.  Instead, he his [sic] first ground sounds as if it were a claim of ineffective counsel which had been the subject of a postconviction action.

Had Daly sought relief under Fla. R. Crim. P. 3.850, there would have been an evidentiary hearing to discern counsel's strategic reason for not requesting the self-defense instruction. This is the significant difference between Daly's facial ineffectiveness claim on direct appeal, and a more-typical claim of ineffective counsel brought through a rule 3.850 motion—the occurrence of an evidentiary hearing in which trial counsel's strategy is placed on the record. For this reason, it is rare for an ineffectiveness claim to be cognizable on direct appeal. *See e.g.*, Elmore v. State, 172 So. 3d 465, 467 (Fla. 1st DCA 2015) ("[W]e are recognizing that appellate courts always have been cautious about addressing claims of ineffective assistance of counsel on direct appeal.[)";] Bracey v. State, 109 So. 3d 311, 315 (Fla. 2d DCA 2013) (acknowledging that claims of ineffective assistance of counsel are rarely addressed on direct appeal); Henley v. State, 719 So. 2d 990, 990 (Fla. 4th DCA 1998) (explaining that "[i]nstances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed.")[].

In Florida, appellate courts "may consider an ineffective assistance of counsel claim on direct appeal only in the rare instance where (1) the ineffectiveness is apparent on the face of the record, and (2) it would be a waste of judicial resources to require the trial court to address the issue." [internal quotes omitted]. Romine v. State, 162 So. 3d 1102, 1103 (Fla. 2d DCA 2015) [internal quotes & cite omitted]. Here, trial counsel's decision to advance the insanity defense while forgoing self-defense was obviously one of strategy under the facts. Why counsel did so is not apparent on the face of the record. It would not be a waste of judicial resources for this court to allow the state trial-level court to first pass on the issue.

(ECF No. 24 at 3–5). Respondent argues that Petitioner still has time to exhaust Ground One in the state courts by filing a Rule 3.850 motion (*id.*). Respondent requests that the court dismiss Ground One without prejudice to enable Petitioner to

exhaust it in state court, and to grant Petitioner leave to file a second amended petition within a reasonable time after exhausting Ground One (*id.* at 8).

With regard to Grounds Two and Three, Respondent contends the claims should be dismissed with prejudice as procedurally barred (ECF No. at 6–8). Respondent contends Grounds Two and Three present claims of trial court error which Petitioner should have presented on direct appeal but did not (*id.*). Respondent further contends that because a direct appeal is not longer available, the claims are procedurally defaulted and thus procedurally barred from federal review (*id.*).

As previously noted, the court directed Petitioner to file a response to Respondent's motion to dismiss (*see* ECF No. 25). Petitioner did not file a response; however, he filed a copy of his pending Rule 3.850 motion, which he filed in state court on December 23, 2015 (*see* ECF No. 28). Petitioner presents the following claims in his Rule 3.850 motion:

> Ground One: Trial counsel provided ineffective assistance of counsel by failing to request a jury instruction on self defense in violation of the Defendant's 6th and 14th Amendment rights.
>
> Ground Two: Trial counsel provided ineffective assistance of counsel by failing to advise the Defendant of the necessity to testify in his own defense, in violation of the Defendant's 6th and 14th Amendment rights.

> Ground Three:  Trial counsel provided ineffective assistance of counsel in violation of the 6th and 14th Amendments of the United States Constitution by failing to call expert witnesses to support self defense.
>
> Ground Four:  Trial counsel provided ineffective assistance of counsel in violation of the 6th and 14th Amendments of the United States Constitution by failing to object to improper comments by the prosecutor during closing arguments.
>
> Ground Five:  Cumulative error.

(*see* ECF No. 28, Ex. A) (restated).  It is thus apparent that Petitioner has presented Ground One of his amended § 2254 petition to the state courts, and is awaiting the state court's disposition of the claim.

## II.    ANALYSIS

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction.  *See* 28 U.S.C. § 2254(b), (c).  To fully exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.  Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989).

If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.  *See* Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Ordinarily, a "mixed petition,"

containing both exhausted and unexhausted claims, should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims. *Id.*, 455 U.S. at 519–20. In the event that such a dismissal would result in any subsequent petition being time-barred under the statutory one-year limitations period, the district court may employ a "stay-and-abeyance" procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims. *See* Rhines, 544 U.S. at 275–78; *see also* 28 U.S.C. § 2244(d)(1) (establishing a one-year filing limitation for state prisoners). This procedure should be available only in limited circumstances, but is appropriate where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277–78.

If the district court determines that stay and abeyance is inappropriate and dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief, the court should allow the petitioner to delete the unexhausted claims and to proceed solely on the exhausted claims. *See* Rhines, 544 U.S. at 278.

The Eleventh Circuit has held that a district court, when considering a mixed § 2254 petition under Rhines, must first determine whether a stay is unwarranted before offering the petitioner the choice to proceed with only the exhausted claims or face dismissal of his entire petition.  *See* Thompson v. Sec'y Dep't of Corr., 425 F.3d 1364, 1365–66 (11th Cir. 2005) (applying Rhines where petitioner filed a mixed petition on the last day of the statutory one-year filing deadline and subsequently moved for a stay and abeyance).

The undersigned concludes that in light of the new landscape of this case (i.e., Petitioner's pursuing exhaustion of the claim which Respondent contends is unexhausted, and the existence of a reasonable probability that the state court may adjudicate the merits of that claim), and because dismissal of the amended § 2254 petition would result in any subsequent petition being time-barred, this court should consider whether the stay-and-abeyance procedure is now appropriate.   Upon consideration of the Rhines factors, the undersigned concludes that a stay is warranted.   A pro se petitioner's reasonable confusion about the legal nuances differentiating an IATC claim that is apparent from the face of the trial record (and thus exhausted upon presentation on direct appeal) and an IATC claim that is not (and thus exhausted upon presentation in a Rule 3.850 motion), constitutes "good cause"

for Petitioner to file a federal habeas petition prior to pursuing both avenues of relief in the state courts.  *See, e.g.*, Pace v. DeGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court) (citing Rhines, 544 U.S. at 278).  Further, Ground One of the amended § 2254 petition is potentially meritorious, and there is no indication that Petitioner engaged in intentionally dilatory tactics.  Therefore, this court should stay, rather than dismiss, the amended § 2254 petition.[1]

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 24) be **DENIED without prejudice**.

2.      That this habeas case be **STAYED** and removed from the court's active docket pending further order.

3.      That Petitioner be required to notify the court of the state court's final disposition of his Rule 3.850 motion, and that he do so within **SIXTY (60) DAYS** of the state court's final disposition.

---

[1] Indeed, Respondent's requesting that the court dismiss Ground One without prejudice to Petitioner's exhausting the claim in state court, and then granting Petitioner leave to file a second amended petition after exhausting Ground One (*see* ECF No. 24 at 8) seems to be the equivalent of requesting a stay.

At Pensacola, Florida, this <u>12</u><sup>th</sup> day of May 2016.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court=s order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**